Barker *v.* Harlan.

A. BAKER *v.* H. C. HARLAN, Trustee, *et als.*

1. DEED OF TRUST. *Mistake. Amendment.* A debtor directed his attorney to prepare a deed of trust to secure certain creditors whose names were furnished the attorney; the deed was prepared, acknowledged, and accepted by the trustee. The next day it was observed that the attorney had omitted the name of one of the creditors, and an amended deed was executed, showing the facts, acknowledged and registered with the original deed of trust; *held,* that such an amendment could not be made after the acceptance of the deed, except by consent of the trustee and the beneficiaries.

2. SAME. *Equity Jurisdiction. Mutual mistake.* In such a case a court of equity cannot correct the mistake, for it is not a case of mutual mistake.

FROM MAURY.

Appeal from the Chancery Court at Columbia. W. S. FLEMING, Ch.

W. B. GORDON for complainant.

E. H. HATCHER for defendants.

MCFARLAND, J., delivered the opinion of the court.

This was an agreed case submitted to the Chancery Court at Columbia, showing the following facts: George Lipscomb directed his attorney, L. D. Myers, to prepare a deed of trust conveying to H. C. Harlan, trustee, a tract of land to secure a number of creditors, and furnished him a list of the creditors to be secured and their debts. The deed was drawn and executed, and acknowledged by Lipscomb on the 15th of February, 1876, and filed for registration on the

same day. On the next day, the 16th, H. C. Harlan, the trustee, in writing accepted the trust, and it is to be fairly assumed that this acceptance was in behalf of the creditors secured.

By the terms of the deed the trustee was authorized to sell if the debts were not paid by the 1st of March, 1877. He was also given power to sell at private sale at any time after the first of June, 1876, when in his judgment he could obtain a full and fair price for the land. On the next day after the trustee had accepted the trust, Lipscomb discovered that the draftsman of the deed had unintentionally left out a debt embraced in the list furnished him, due to A. Barker, and on that day (the 17th February, 1876,) executed an amendment of the deed, as it is called, showing the fact, and directing that Barker's debt be included and paid with the others. This paper was acknowledged and filed for registration the same day and was registered with the original deed.

After the property was sold, a controversy arose as to whether Barker was entitled to participate in the proceeds of the property, when this agreed case was made and submitted to the Chancellor, who decided in favor of Barker, and from this decree the trustee and one of the creditors have appealed.

It is admitted that it was the intention of Lipscomb to include the debt of Barker with the others, and it was left out by the mistake of the draftsman. The correction was made after the trustee had accepted the trust, and without his knowledge or consent, or that of the beneficiaries.

The question is, whether the mistake was one that the bargainor, Lipscomb, had any power to correct (without the consent of the other parties) at the time he attempted to do so. It may be readily conceded, that if the mistake was one that a court of chancery would have corrected, that the bargainor might voluntarily make the correction without resort to the court.

It may also be further conceded, and such I have no doubt is the law, that if it was understood and agreed between Lipscomb and the trustee and creditors secured, that the debt of Barker was to be included, and it was by mistake omitted, then the correction could be made, for in that case the mistake would have been the mistake of all parties. And the other creditors could not rightfuly object to the correction being made, so as to make the deed conform to the previous agreement and understanding of all the parties. This I think is the point upon which the case turns, and the agreed case fails to show that either the trustee or any of the beneficiaries were parties to any negotiations previous to the execution of the deed, or that they had any knowledge of the purpose of Lipscomb to secure Barker's debt, or ever assented that the deed should be so executed. It does affirmatively appear that they did not assent to the correction.

The deed in the form it was first executed was presented to the trustee, and without any knowledge upon his part or upon the part of the beneficiaries that there was any mistake, or any debt omitted, its provisions were accepted. After this, had the bargainor any control over the matter? It seems to me

that it became at once, from the acceptance of the trustee, a complete executed contract, and after that it could not be changed without the consent of both parties. There are authorities holding that before acceptance, an assignment for the benefit of creditors is is in the nature of a power and revocable, but I believe that all the authorities agree, that after acceptance, it is irrevocable, and the bargainor has no more power to change the terms of such an assignment, than he would have to change the terms of any other abstract conveyance; and it does not alter the case that it was *his* purpose to have made the conveyance differently.

A mistake of this character, to be the subject of correction, must appear to have been a *mutual* mistake, not merely the oversight of one of the parties. By the acceptance of the benefits of the deed, the creditors therein secured became bound by its terms, at least in respect to the property conveyed, and bound to wait the time specified. They did this in ignorance of the fact that another debt was to be included. Had this been understood, they might have refused the benefits of the deed and secured themselves otherwise. They have the right to stand upon the terms of the contract as accepted and assented to then, and resist any change made without their assent. It is said they were informed that the correction was made before any change in the circumstances or rights of the creditors. How this is, cannot be known. The alteration was made after their acceptance. If we assume that this gave them the right to revoke

their acceptance, we cannot know what legal advantage they may have thereby lost. But aside from this, the acceptance of the benefits of the deed gave the creditors named a specific lien and a fixed right, and they were not bound to release it.

It is said that this holding is to allow the creditors embraced in the deed as first executed, to take advantage of the mistake of the draftsman, but they simply stand upon the contract as they assented to it. There was no fraud or mistake upon their part, and no undue advantage taken by them of Barker, whose debt was omitted. A creditor has the right to stand upon a legal advantage fairly obtained.

The deed, when accepted, passed all title out of the bargainor; the conveyance was irrevocable, and it was not a case of mutual mistake for the correction of a court of equity.

I am opinion that the decre of the Chancellor should be reversed. The majority concurring, it is so ordered.